[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which sentenced appellant, Thomas Artiaga, to a term of incarceration for a community control violation. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On September 9, 1997, appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(2), both with a gun specification in violation of R.C. 2941.141. The victim was appellant's niece. On January 8, 1998, appellant withdrew his previously entered not guilty plea and entered a plea of no contest to one count of rape. On February 18, 1998, appellant's sentencing hearing was held; appellant was sentenced to a term of five years of community control to include 12 months of work release.
 {¶ 3} On October 12, 2000, the trial court held a hearing regarding a community control violation. The trial court continued appellant on community control sanctions with the same terms and conditions. On July 25, 2001, the trial court held a hearing regarding another community control violation. At the hearing, appellant admitted to a violation of his community control in that he pled guilty to one count of domestic violence; one count of contributing to the delinquency of a minor; and a revised count of attempted gross sexual imposition in Ottawa County and recently had been sentenced. Appellant waived his right to a hearing in regard to a violation of community control. The trial court revoked appellant's community control and imposed a five year period of incarceration, to be served consecutively to the sentence imposed for the conviction in Ottawa County.[1]
 {¶ 4} In the case sub judice, appellant filed a pro se motion to withdraw his guilty plea on August 24, 2001. On December 19, 2001, the trial court denied appellant's motion to withdraw his guilty plea without a hearing. On January 24, 2002, appellant filed a pro se notice of appeal. On July 1, 2002, this court dismissed appellant's appeal for failure to supplement the record and file a brief when this court had given him leave to supplement the record on or before May 13, 2002, and to file his brief 20 days from that date. On July 24, 2002, this court granted appellant's application for reconsideration of the later order.
 {¶ 5} Penny H. Nasatir, appellant's court-appointed counsel, has filed a brief with this court together with a motion to withdraw as counsel, pursuant to the guidelines set forth in Anders v. California
(1967), 386 U.S. 738. In Anders, the United States Supreme Court established five criteria which must be met before a court may grant appellate counsel's motion to withdraw. Id. at 744. The five criteria are: (1) a showing that appellate counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellate counsel; (3) the existence of a brief filed by appellate counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellate counsel provided appellant with a copy of the brief which was filed; and (5) a showing that appellate counsel provided an adequate opportunity for appellant to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744. All five criteria have been met in this case.
 {¶ 6} Appellant's court-appointed counsel indicates that a thorough review of the record resulted in a determination that the appeal was without merit and that she so advised appellant. Counsel states further that she provided appellant with a copy of the brief and advised appellant of his right to file his own brief. The brief filed by appellant's counsel contains the following two proposed issues:
 {¶ 7} "First issue presented
 {¶ 8} "Whether the trial court committed error by not conducting a rule 11 voir dire of appellant prior to accepting his admission to a community control violation.
 {¶ 9} "Second issue presented
 {¶ 10} "Whether the trial court committed error by denying appellant's post-sentence motion to withdraw his plea."
 {¶ 11} In his first issue, appellant asserts that the trial court erred by not adhering to the requirements of Crim.R. 11 before accepting his admission to a community control violation. This court finds no merit in this assignment of error.
 {¶ 12} As this court noted in State v. Martin, 6th Dist. No. S-02-012, 2002 Ohio 5202, ¶ 7-8:
 {¶ 13} "Upon review of the relevant statutory provisions and case law, we find, as have several Ohio appellate courts, that the requirements of Crim.R. 11 apply only to guilty and no contest pleas. (Footnote omitted.) Concordantly, a defendant at a community control revocation hearing need not be afforded the full panoply of rights given a defendant in a criminal proceedings. State v. Ratliff (May 8, 1997), 8th Dist. No. 71045.
 {¶ 14} "Under the facts of the present case, we further find that the requirements of the applicable provision, Crim.R. 32.3, have been met. Appellant was afforded a hearing and was apprised of the alleged violations. Appellant was also informed of his right to counsel and waived said right. Accordingly, we find that appellant's due process rights were not violated by the trial court's acceptance of his plea and that appellant's sole assignment of error is not well-taken."
 {¶ 15} Applying the above law to the current case, this court concludes that the trial court did not err in not adhering to the requirements of Crim.R. 11 before accepting appellant's admission to a community control violation.
 {¶ 16} Accordingly, appellant's first issue is found not well-taken.
 {¶ 17} In his second issue, appellant asserts that the trial court erred by denying his post-sentence motion to withdraw his plea. This court finds no merit in this assignment of error.
 {¶ 18} In his pro se post-sentence motion to withdraw his plea, appellant argued that he had filed a motion for withdrawal of his plea in Ottawa County, that the violations were "inaccurate or flawed" and that the pre-sentence investigation by Ottawa County contained both inaccurate and incomplete information. However, as stated above, the trial court denied his motion in Ottawa County and this court affirmed that denial. As this court stated in that appeal, State v. Artiaga, 6th Dist. No. OT-02-001, 2002 Ohio 5903, appeal denied, State v. Artiaga, 98 Ohio St.3d 1478, 2002 Ohio 2031, ¶ 11-16:
 {¶ 19} "Crim.R. 32.1 provides:
 {¶ 20} "`A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.'
 {¶ 21} "In State v. Smith (1977), 49 Ohio St.2d 261, paragraphs one, two and three of the syllabus, the Ohio Supreme Court held:
 {¶ 22} "'1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1.)'
 {¶ 23} "'2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'
 {¶ 24} "'3. An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'"
 {¶ 25} This court affirmed appellant's conviction in the Ottawa County case after applying the above law to the case and finding that appellant had failed to establish manifest injustice. Applying the above law to the case sub judice, this court concludes that appellant has failed to establish the existence of manifest injustice and that the trial court did not abuse its discretion in denying appellant's post-sentence motion to withdraw his plea.
 {¶ 26} Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 27} Pursuant to Anders, this court is required to review the record independently to determine that appellate counsel has made a diligent, thorough and sound effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. This court's own thorough and independent review of the record in this case fails to demonstrate any arguable issues.
 {¶ 28} Therefore, this court finds this appeal to be without merit. The motion to withdraw filed by appellant's appointed counsel is found well-taken and is granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., Judith Ann Lanzinger, J., CONCUR.
[1] On October 25, 2002, this court affirmed the trial court's denial of appellant's motion to withdraw his guilty plea in the Ottawa County case. See, State v. Artiaga, 6th Dist. No. OT-02-001, 2002 Ohio 5903, appeal denied, State v. Artiaga, 98 Ohio St.3d 1478, 2002 Ohio 2031.